## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0633-10 |
| vs. | ) |
| | ) DECISION AND ORDER |
| JEFFREY W. CRUZ, | ) ON DEFENDANT'S MOTION TO |
| | ) DISMISS |
| Defendant. | ) |

This matter came before the HONORABLE VERNON P. PEREZ on November 22, 2011 on Defendant's Motion to Dismiss. Attorney Peter P. Perez appeared on behalf of the Defendant, who was present. Attorney Nelson J. Werner appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Second Degree Criminal Sexual Conduct as a First Degree Felony. Defendant requests dismissal as he argues that the grand jury was not instructed on the general law or an essential element of the offense. Defendant has also filed a Motion to Suppress and Motion to Disclose Prior Bad Acts with this Court. This Decision and Order will only deal with the Motion to Dismiss based on the two grounds mentioned above as a hearing has not been scheduled for the other motions.

## DISCUSSION

**Failure to Instruct Grand Jury on the General Law**

Title 8 of the Guam Code Annotated § 50.54(b) provides: "the grand jury shall find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense was committed and that the defendant committed it". (2010). The grand jury may only carry out its duties with a proper understanding of the applicable and general law. In this case, Defendant asserts that the grand jury was not instructed on the law at the time of the presentation. Defendant's Motion to Dismiss at 3. It is clear from the Grand Jury Transcript that

both the applicable law and general law were read to the jury. The only issue before the Court relating to this motion is whether or not the Governments practice of reading the general law earlier in the day and not rereading the general law just before the presentation of the case invalidates the indictment?

On the day in which Defendant was indicted, the attorney present for the Office of the Attorney General asked the grand jury if they would like the general law to be read once again. At least two grand jurors did not want the general law read again and no other juror expressed any interest or need to have the general law read to them again. Grand Jury Transcript at 2. Prosecution also presented an affidavit to this Court from the Court's Jury Commissioner that the jury panel did not change since the morning at the time the general law was originally read. No new members were added to the grand jury at the time Defendant's case was presented by the Government. Thus, the grand jury panel understood the general law and responded in the negative when asked if they wanted the general law read once again. The Court finds that the Government's practice complies with Guam laws as long as it can be shown that all members of the grand jury were read the general law. Finally, the Court believes that there would be too much of a financial and time burden to require the Government to instruct the grand jury with the general law before each case unless a new grand juror is present.

**Failure to Instruct the Grand Jury on an Essential Element of the Offense**

Defendant argues that the court should grant the Motion to Dismiss because the Government failed to instruct the grand jury as to the requirement that the touching must be done for sexual gratification. 8 GCA §55.10(a) provides: "the indictment...shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney." (2010). The Government opposes on the basis of *People v. Jones*, 2006 Guam 13, ¶ 12 and additionally contends that the indictment is clear when read in conjunction with the grand jury transcript.

The Court has held that an indictment is valid if it informs a defendant of the crime charged with sufficient clarity to allow him to defend adequately against such charges. "It is a cardinal principle of our criminal law that an indictment is sufficient which apprises a defendant

of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to subsequent prosecution for the same offense." *People v. Jones*, 2006 Guam 13. "Guam law is in accordance with this view, holding an indictment to be sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense. *Id.*, citing *People v. Salas*, 2000 Guam 2. Furthermore, dismissal is a last resort for courts where there is prejudice to the defendant. *People v. Muna,* 999 F .2d 397, 399 (9th Cir. 1993)

Here, the offense as charged was directly read to the grand jury and the grand jury heard testimony from the investigating police officer. *See* Grand Jury Transcript. The Court finds sufficient detail to explain and show sexual contact which is required to prove sexual conduct under 9 GCA § 25.20(a)(1). Additionally, Section 25.20 was read verbatim to the grand jury. Grand Jury Transcript at 5. The charge in the indictment tracks the language of 9 GCA §52.20 and the indictment may be sufficient on this basis alone. *See People v. Jones*, 2006 Guam 13, ¶ 23. Furthermore, the indictment states that the Defendant touched the breast of a minor, which the grand jury could likely have found to imply the purpose for the contact. Here, the indictment was formed such that the Defendant was adequately informed and subsequent prosecution would be barred. Finally, Defendant suffered no prejudice. For these reasons, the indictment is sufficient and the Motion to Dismiss is denied.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. Parties are ordered to return March 27, 2011 at 10:00a.m. for trial setting.

So ORDERED this ____ day of February, 2012.

FEB 0 8 2012



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

FEB 0 8 2012
20
*Jacqueline S.C. Terlaje*
Deputy Clerk, Superior Court of Guam

Original Signed By:
HON. VERNON P. PEREZ
_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM